IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHAREE HALL,

    Petitioner,

v.

BUREAU OF PRISONS,

    Respondent.

No. C 16-3980 WHA (PR)

**ORDER OF TRANSFER**

    Petitioner is a federal prisoner who filed an amended petition for a writ of habeas corpus under 28 U.S.C. 2241 challenging prison disciplinary proceedings on due process grounds. In the amended petition, she identifies two different disciplinary hearings being challenged — one occurring in August 2014 and the other occurring in February 2015, both of which resulted in the forfeiture of good time credits (ECF No. 4 at 1, 6).

    A prisoner wishing to challenge the execution of a federal sentence, e.g., parole and time credit claims, must do so by way of a petition for a writ of habeas corpus pursuant to Section 2241, which must be addressed to the district which has jurisdiction over the prisoner or his custodian—generally the district of confinement. *See Hassain v. Johnson*, 790 F.2d 1420, 1420 (9th Cir. 1986) (no jurisdiction in California to address petition where inmate incarcerated in Arizona); *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984) (no jurisdiction in Washington to address petition where inmate incarcerated in Kansas); *Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1980). "Venue considerations may, and frequently will, argue in favor of adjudication of the habeas claim in the jurisdiction where the habeas petitioner is

confined." *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 814 (D.C. Cir. 1988).

As the petition is directed to the manner in which petitioner's sentence is being executed — i.e. the loss of time credits — the district of petitioner's confinement has jurisdiction over and is the proper venue for this case. Petitioner most recently indicated in a new case filed by her that she was confined at the Secured Female Facility – Hazelton in Bruceton Mills, West Virginia, but would be transferred away soon. *see Hall v. Bureau of Prisons*, No. C 16-6302 WHA (PR) (ECF No. 4 at 9). According to prison officials at that facility and the Bureau of Prisons website, petitioner is currently incarcerated at the Federal Transfer Center in Oklahoma City, Oklahoma, which lies within the venue of the Western District of Oklahoma. Accordingly, this action is **TRANSFERRED** to the United States District Court for the Western District of Oklahoma.

In light of this transfer, ruling on the application to proceed in forma pauperis (ECF No. 5) is deferred to the Western District of Oklahoma.

The clerk shall transfer this matter forthwith.

**IT IS SO ORDERED.**

Dated: November   21  , 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE